**Richard E. LEIGH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17066.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 12, 1962.

Decided Sept. 27, 1962.

Mr. Robert P. Stranahan, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. John E. Hogan, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., at the time of argument, were on the brief, for appellee.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Defendant [appellant] was convicted on four counts of forgery and four counts of uttering. § 22–1401 D.C.Code (1961). The sole ground urged for reversal is the admission into evidence of Government Exhibit No. 6. Although this exhibit was offered in evidence as an admitted writing with which to compare the handwriting on the alleged forged checks, it contained certain damaging material. The exhibit, a card requiring certain information for completion, was voluntarily filled out by the defendant while in custody. Under the heading on that card "List other arrests," defendant had written "Arrested for Checks, California, Nevada, New York." When the exhibit was offered in evidence, defendant's counsel vigorously objected "on the ground that it contains prejudicial material which would inflame whoever would see it." This objection was overruled and the card was admitted generally, that is, it was not limited to the purpose of providing an admitted writing with which to compare the writing on the allegedly forged checks. Defendant did not take the stand.

There would seem to be no doubt that, under the circumstances above related, the admission of the document in question was erroneous. The objectionable words could easily have been blocked out or otherwise eliminated.

The Government urges, however, that there was no showing that the jury ac-

tually saw the document. On this point the record is not clear, but we cannot assume that it was not seen by the jury. In fact, the court, in its charge, told the jury that it might "consider any exhibits which have been admitted into evidence in this trial." As stated, Government Exhibit No. 6 was in fact admitted into evidence.

The Government urges, further, that in any event, the error, if it was error, was harmless because of the other overwhelming evidence of defendant's guilt. Certain it is that evidence of his guilt, even without the card, was substantial and might very well have caused the jury to bring in a verdict of guilty, but we cannot say that the matter objected to did not have substantial influence on the jury in rendering its verdict. See Kotteakos v. United States (1946), 328 U.S. 750, at page 765, 66 S.Ct. 1239, at page 1248, 90 L.Ed. 1557, where the following appears:

"[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

It follows that the judgment of the District Court must be reversed and the case remanded for new trial.

So ordered.