Joseph ABRAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

Charles GORDON, Appellant,

v.

UNITED STATES of America,
Appellee.

John George LEDES, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17160–17162.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 19, 1963.

Decided Jan. 2, 1964.

Petition for Rehearing Denied
March 4, 1964.

Mr. Henry G. Singer, Brooklyn, N. Y., of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, with whom Mr. Thurman Hill, Washington, D. C., was on the brief, for appellants in Nos. 17160 and 17161. Messrs. Edward L. Carey and Walter E. Gillcrist, Washington, D. C., also entered appearances for appellants in Nos. 17160 and 17161.

Mr. Edward L. Carey, Washington, D. C., with whom Mr. Walter E. Gillcrist, Washington, D. C., was on the brief, for appellant in No. 17162.

Mr. Kenneth E. Murphy, Atty., Dept. of Justice, of the bar of the Supreme Court of Ohio, *pro hac vice*, by special leave of court, with whom Messrs. David

C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellants in these consolidated appeals are Joseph Abrams, Charles Gordon and John G. Ledes. They were indicted for and convicted of conspiracy in violation of 18 U.S.C. § 371. The alleged conspiracy, in brief, was that they and others had knowingly, willfully and unlawfully conspired to defraud the United States (a) concerning its right to have the business and affairs of the Securities and Exchange Commission administered free from self interest, bias and improper influence, more particularly with respect to matters and proceedings concerning several named companies including Bellanca Corporation, and (b) concerning its right to the impartial, unbiased and conscientious actions and judgments of appellant Ledes as an employee of the Commission, free from corruption, partiality, improper influence, bias and dishonesty. It was alleged that as a part of the conspiracy he rendered improper assistance both to said companies in matters pending before the Commission and to appellant Abrams, who was a subject of investigation in regard to matters of the Bellanca Corporation pending before the Commission.

The trial in this case occupied the District Court for nearly a month. Scores of exhibits were introduced by both sides. We have carefully considered the entire record in our study of the several contentions for reversal, including a challenge to the indictment, a question of double jeopardy, the sufficiency of the evidence, and rulings upon the admission and exclusion of evidence. We find no basis for reversal except for the erroneous admission in evidence of Government Exhibit No. 14.

This exhibit is a typewritten order of the Commission entitled "In the Matter of Sydney L. Albert, Joseph Abrams, A. J. Gould & Co., Inc. [and] Bellanca Corporation," described on its face as an "Order Directing Investigation And Designating Officers To Take Testimony." It bears date June 13, 1956. It recites that members of the Commission staff have reported to the Commission information tending to show that in connection with the affairs of Bellanca Corporation, Joseph Abrams, one of the appellants, and others, among other things had engaged in activities described as follows:

"*      *      *      *      *

"D. During the period from about March 1, 1955 to the date hereof, Sydney L. Albert, Joseph Abrams, A. J. Gould & Co., Inc., and Bellanca Corporation in the offer and sale of the common stock of Bellanca Corporation, directly and indirectly, made to purchasers and prospective purchasers untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading concerning the ownership of the common stock of Bellanca Corporation being offered and sold by Sydney L. Albert.

"E. During the period from about March 1, 1955 to the date hereof, Sydney L. Albert, Joseph Abrams, A. J. Gould & Co., Inc. and Bellanca Corporation, while engaged in the offer and sale of securities as described in Paragraphs A, B, C and D hereof, engaged in transactions, practices and courses of business which operate or would operate as a fraud or deceit upon purchasers of such securities. * * *"

The document then states that if the information set forth is true it tends to show that the named persons and the

Bellanca Corporation have violated various specified statutory provisions and also a specified Rule of the Commission, and in order to determine whether this has occurred an investigation is ordered.

From the foregoing it is obvious that the Exhibit makes serious charges of wrongdoing and unlawful conduct by Abrams in connection with Bellanca Corporation's problems with the Commission. The conduct referred to is stated to have occurred on or about March, 1955, and not later than June 13, 1956, the date of the Exhibit.[1] Objections to the admission of the Exhibit were made by all appellants. It was error not to sustain these objections; for the Exhibit was not competent evidence. It contains ex parte, hearsay allegations or recitals of serious wrongdoing on the part of one of the co-conspirators in relation to matters which concerned the government agency around which the conspiracy revolved, especially with respect to one of the companies named in the indictment. The charges were highly prejudicial and we can think of no supportable theory for their competency as evidence at the trial. At an earlier stage of the prosecution in the District Court, when a mistrial was declared on a ground not now pertinent, the trial judge properly excluded the Exhibit, saying, "I will sustain the objection at this time to Government's Exhibit No. 14 because fundamentally of the statements contained therein which relate to charges and violations of other laws which I believe might be grounds for mistrial if they are introduced in evidence at this time." Not only so, but, as we have said, the statements were incompetent in any event since they were in the nature of unverified, ex parte, hearsay accusations. Even were the subject matter relevant to

this trial the proof could not take this form. When later offered again toward the very end of the trial now before us the same judge was persuaded to admit the Exhibit on the theory it supported an allegation in the indictment that the Commission on or about June 13, 1956, was conducting an investigation with respect to trading in the securities market of the stock of the Bellanca Corporation. But, as appears from the excerpts above set forth, the contents of the Exhibit went far beyond evidencing that an investigation was conducted. Government counsel, moreover, urged its admissibility "also because of the fact that Mr. Ledes intervened in this matter in connection with certain employees of the Commission." There was indeed testimony of such intervention regarding the Bellanca Corporation.

From the foregoing the prejudice to Abrams and Ledes seems clear; and since the verdict of the jury as to all three appellants was a general one which included Gordon, with no separate or special verdicts or findings as to the different facets of the cases,[2] we cannot safely surmise that the verdict against Gordon was uninfluenced by the prejudice to his alleged co-conspirators, Abrams and Ledes.

As to some suggestion by the Government that the contents of the Exhibit may not have become available to the jury, it was not admitted for the use of the court alone, unrelated to the issues to be decided by the jury. It was admitted without qualification or limitation and for the purpose of adding to the proof of the conspiracy. See Leigh v. United States, 113 U.S.App.D.C. 390, 308 F.2d 345 (1962).

Reversed and remanded.

1. The charges in the indictment involve events beginning on or about May, 1957.

2. Gordon was not brought into the Bellanca matter by the evidence.