359 F.2d 990
 Patrick J. CUPO, Appellant,
v.
UNITED STATES of America, Appellee.
Frank J. CARBONARO, Appellant,
v.
UNITED STATES of America, Appellee.
Peter J. PELLETREAU, Appellant,
v.
UNITED STATES of America, Appellee.
Ronald L. PALMER, Appellant,
v.
UNITED STATES of America, Appellee.
Robert J. DECKER, Appellant,
v.
UNITED STATES of America, Appellee.
Charles J. SULLIVAN, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 19140-19145.
 United States Court of Appeals District of Columbia Circuit.
 Argued September 21, 1965.
 Decided March 21, 1966.
 Petition for Rehearing En Banc in No. 19142 Denied May 10, 1966.
 Petition for Rehearing by the Division in Nos. 19140, 19143, 19144 and 19145 Denied May 11, 1966.
 
 Mr. Myer Koonin, Washington, D. C., for appellants in Nos. 19140, 19143, and 19144.
 Mr. Donegan Mann, Washington, D. C., (appointed by this court) for appellant in No. 19141.
 Mr. Hyman L. Rosenberg, Washington, D. C., (appointed by this court) for appellant in No. 19142.
 Mr. Samuel Bogorad, Washington, D. C., for appellant in No. 19145.
 Miss Carol Garfiel, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty. at the time the brief was filed, and Mr. Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Messrs. John R. Kramer and Barry Sidman, Asst. U. S. Attys. at the time the record was filed, also entered appearances for appellee.
 Before EDGERTON, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges.
 EDGERTON, Senior Circuit Judge:
 
 
 1
 The six appellants were jointly indicted for conspiracy to violate the false pretenses statute of the District of Columbia and five were also charged individually with substantive violations of that statute. 18 U.S.C. § 371; D.C.CODE (1961 ed.) § 22-1301. Cupo, Decker, Pelletreau and Sullivan were convicted of conspiracy. The court directed a judgment acquitting Palmer of conspiracy. The jury failed to reach a verdict as to Carbonaro on the conspiracy count and the court dismissed it as to him on the government's motion.
 
 
 2
 The essence of the alleged conspiracy was that certain appellants would get merchandise on credit from certain stores by false statements about their employment and would return much of the merchandise for cash. In separate false pretense counts, Cupo and Decker were charged with getting merchandise from Bruce Hunt, Inc., by such statements, which were also charged as overt acts in the conspiracy. They were convicted of false pretenses and sentenced concurrently with sentences for conspiracy. Appellants Carbonaro, Palmer and Pelletreau were charged, convicted and sentenced in separate counts for getting automobiles by false statements regarding their employment. Pelletreau's sentence was concurrent with his sentence for conspiracy.
 
 
 3
 I. Joinder of Carbonaro. F.R. CRIM.P. Rule 8(b), "Joinder of Defendants", permits charging two or more defendants in one indictment if they are "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."[1] F.R.CRIM.P. Rule 8(a), "Joinder of Offenses", permits charging two or more offenses in one indictment if they are "of the same or similar character".[2] But Rule 8(a) deals only with charging one defendant with several offenses. As to joinder of offenses charged to several defendants, it adds nothing to 8(b).
 
 
 4
 Joinder of all the appellants in one indictment appears to have been authorized by Rule 8(b), because all were charged with the same conspiracy. Joinder of the separate charges against Cupo and Decker that they got merchandise by false pretenses was also authorized by 8(b), because these offenses were alleged to be parts of the same conspiracy. But joinder of the separate charges against Carbonaro, Palmer and Pelletreau, that they got automobiles by false pretenses, was not authorized unless these offenses also were in effect alleged to be parts of "the same act or transaction or * * * the same series of acts or transactions constituting an offense or offenses." That these offenses were "of the same or similar character" as the conspiracy is not enough to permit joinder of the charges against the several defendants alleged to have committed them. See Ward v. United States, 110 U.S.App. D.C. 136, 289 F.2d 877 (1961); United States v. Welsh, 15 F.R.D. 189 (D.D.C. 1953); Williamson v. United States, 310 F.2d 192, 197 n. 16 (9th Cir. 1962) (dictum); United States v. Haim, 218 F. Supp. 922, 930 (S.D.N.Y. 1963). See also Ingram v. United States, 272 F.2d 567, 570 (4th Cir. 1959). When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second.[3] But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.
 
 
 5
 The offenses of getting automobiles by false pretenses were not charged in the indictment as overt acts in the conspiracy and were not introduced in evidence as parts of the conspiracy. Although the conspirators planned that merchandise obtained from stores would not be paid for and much of it would be returned for cash, there is no evidence of an intent not to pay for the automobiles. Moreover, the automobile frauds charged against Carbonaro and Pelletreau seem to have occurred before the conspiracy was formed. Pelletreau applied for credit to finance his automobile purchase on July 16, 1962, and Carbonaro on August 8, 1962. Though the indictment charged that the conspiracy began "on or about" July 1962, there is no evidence that it began before October, when Carbonaro was alleged to have got merchandise from S. Kann Sons Company by forging Cupo's name. This was the earliest act alleged to be a part of the conspiracy. All other acts alleged to be parts of the conspiracy and all discussions indicating the existence of a conspiracy occurred later. There does not appear to be any theory on which it can be said that Carbonaro's getting an automobile by false pretenses was in effect alleged to be part of "the same act or transaction or * * * the same series of acts or transactions constituting an offense or offenses" as the conspiracy. It follows that F.R.CRIM.P. Rule 8(b) does not permit joinder of the substantive charge against Carbonaro with the other charges. Because of this misjoinder we must reverse Carbonaro's conviction, even if no special prejudice appears. Ward v. United States, supra; Ingram v. United States, supra; Moore's Federal Practice-Cipes, Crim.Rules ¶8.04 [2] (1965).
 
 
 6
 II. Joinder of appellants other than Carbonaro. The remaining appellants, except Sullivan, did not ask for severance and so waived any rights under Rule 8. Rule 12(b) (2), F.R.CRIM.P.; Franklin v. United States, 117 U.S.App. D.C. 331, 330 F.2d 205 (1964); Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963); Smith v. United States, 86 U.S.App.D.C. 195, 180 F.2d 775 (1950). Although Sullivan moved before trial for severance from the cases of Pelletreau and Larsen on the ground that their counsel had been convicted of a felony, he must be held to have waived any rights under Rule 8 because his motion disclosed no basis for a finding of misjoinder under that Rule. See United States v. Frank, 290 F.2d 195 (3d Cir.), cert. denied sub nom. Toomer v. United States, 368 U.S. 821, 82 S.Ct. 38, 7 L.Ed.2d 26 (1961).[4] If any defendant had appeared to be seriously prejudiced by joinder, the District Court on its own motion might have granted relief from waiver and ordered a severance. Rules 12(b) (2), 14 F.R.CRIM.P.; cf. Rule 52(b). But no defendant was so seriously prejudiced that not ordering a severance was an abuse of discretion.
 
 
 7
 III. Sullivan's police fingerprint card. Appellant Sullivan says the admission of this card in evidence was equivalent to admitting evidence of previous arrests or convictions. See Leigh v. United States, 113 U.S.App.D.C. 390, 308 F.2d 345 (1962). But in stating his objection counsel did not make clear that it was based on this theory, or ask that the jury be told that the fingerprint card related to Sullivan's arrest in the case they were trying. Moreover it is unlikely that the card conveyed a different impression to the jury. The transactions involved in this case occurred late in 1962 and early in 1963. The jury was told that the card was dated April 25, 1963.
 
 
 8
 IV. The charge to the jury. Both the false pretenses statute, D.C. CODE (1961 ed.) § 22-1301, and the conspiracy statute, 18 U.S.C. § 371, provide more severe penalties when the value of the property involved is more than $100 than when it is less. The court did not clearly charge the jury on this point. But all the apellants were charged with getting or conspiring to get property worth more than $100 and all were sentenced on that basis. The government's proof of value was adequate and not contested. There was no real issue as to value and no request for a more specific instruction. As in the McQuaid case, although for a different reason, we conclude that "the omission in the charge was not prejudicial". McQuaid v. United States, 90 U.S.App.D.C. 59, 60, 193 F.2d 696, 697 (1951). We find no plain error affecting substantial rights.
 
 
 9
 We find no such error in the charge that "proof beyond a reasonable doubt is such proof as will result in an abiding conviction of the defendant's guilt on your part, such a conviction as you would be willing to act upon in the more weighty and important matters relating to your own affairs." Counsel did not object and it is most unlikely that prejudice resulted. McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965); Scurry v. United States, 120 U.S.App.D.C. 374, 347 F.2d 468 (1965).
 
 
 10
 We do not reach Pelletreau's contentions regarding his conviction of false pretenses since we find no error affecting his conviction on the conspiracy count, for which he received a concurrent sentence. In our opinion the other questions raised by the appellants do not require discussion.
 
 
 11
 Nos. 19140, 19142, 19143, 19144 and 19145 affirmed;
 
 
 12
 No. 19141 reversed and remanded for a new trial.
 
 
 
 Notes:
 
 
 [1]
 Carbonaro's pre-trial motion for severance did not mention this Rule and he did not argue the issue of joinder on this appeal. His motion alleged that the offenses charged against him were distinct from those charged against the other defendants and that therefore he "could not fairly be tried in the same trial" with them. At the hearing on the motion, he contended that the charge of getting an automobile by false pretenses was "distinguishable from all of the other counts and in effect * * * a separate offense." We think this raised the issue of misjoinder under Rule 8(b)
 
 
 [2]
 "or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."
 
 
 [3]
 Rule 14, F.R.CRIM.P., permits the court, in its discretion, to grant relief from prejudicial joinder. See p. 994,infra, and Robinson v. United States, 93 U.S.App. D.C. 347, 349, 210 F.2d 29, 32 (1954).
 
 
 [4]
 Sullivan also asked the judge onvoir dire to inquire whether "the jury is familiar with any facts that might be derogatory to" counsel. The judge's refusal to sever or to inquire was not an abuse of discretion or inconsistent with "the essential demands of fairness." Aldridge v. United States, 283 U.S. 308, 310, 51 S.Ct. 470, 75 L.Ed. 1054 (1931); Sellers v. United States, 106 U.S.App. D.C. 209, 271 F.2d 475 (1959).