**UNITED STATES of America**

v.

**Louis U. McCRAY, Appellant.**

No. 23256.

United States Court of Appeals, District of Columbia Circuit.

Argued June 30, 1970.

Decided Sept. 9, 1970.

---

Mr. Robert Raymond Twohig, Jr., with whom Mr. William W. Greenhalgh (both appointed by this court), was on the brief, for appellant.

Mr. Warren R. King, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, LEVENTHAL and WILKEY, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of larceny after trust and sentenced to one to three years in prison. On appeal he urges numerous errors in the conduct of his trial as grounds for reversal. We affirm.

Appellant's most persuasive point challenges the instruction to the jury that flight or concealment by the accused may be used to infer guilt. The trial judge gave the brief standard instruction based on that drafted by the Bar Association of the District of Columbia. We have previously held that this instruction is inadequate. Austin v. United States, 134 U.S.App.D.C. 259, 414 F.2d 1155 (1969); United States v. Stevenson, 138 U.S.App.D.C. 10, 424 F.2d 923 (1970). However, the present case was tried before our decision in *Austin*, and, while defense counsel submitted an acceptable expanded instruction on flight related to the facts of this case, no objection was made to the instruction as given. We believe the error in this case was harmless. Rules 30 and 52, Fed.R. Crim.P.

On trial evidence was admitted showing that the police had called at appel-

lant's home looking for him. Appellant requested an instruction that under the circumstances appellant was not under a duty "to volunteer himself to the police" and "that such nonvoluntering does not create a presumption of guilt * * *." To the extent quoted, the instruction was proper and should have been given to balance the standard flight and concealment charge the trial court gave. *See* Levine v. United States, 104 U.S.App. D.C. 281, 261 F.2d 747 (1958), *and* Austin v. United States, *supra*. The proof of guilt in this case, however, convinces us that the error was harmless.

We find no merit in appellant's challenge to the admission of evidence of other crimes. The larceny in this case of a fur coat involved the impersonation of a Washington Deliveries pickup man, who gave the victim the properly filled-out pink receipt which was part of the normal pickup routine of the company. Identification evidence by another victim of the same routine in the same neighborhood on the same morning was admissible since the conduct was "so unusual and distinctive as to be like a signature." C. McCormick, Evidence § 157 (3) at 328 (1954); United States v. Bussey, 139 U.S.App.D.C. ——, 432 F.2d 1330 (No. 22,919, decided July 21, 1970). Evidence of the occurrence of two other larcenies would normally not have been admissible, but appellant in this case opened the door by his inquiries—in the face of warnings by the judge—on cross-examination.

Similarly, we see little merit in appellant's speedy trial challenge. Ten months elapsed between the offense and arrest. Yet appellant admits he knew the police were looking for him five days after the offense and was on notice as to the charges made against him. In addition, the police visited his mother's house 12 to 14 times in an effort to reach appellant.[1] The 13-month delay between arrest and trial is more troublesome, but some of this time was consumed by defense motions. In any event, we do not believe that, considering all the circumstances, including the fact that appellant was out on bond pending trial, appellant was denied his right to a speedy trial. Hedgepeth v. United States, 125 U.S. App.D.C. 19, 365 F.2d 952 (1966).

We have considered appellant's other assignments of error[2] and find no prejudice to substantial rights.

Affirmed.

---

1. Appellant also challenges the admissibility of police testimony concerning these efforts to apprehend appellant. The Government urges that these facts were admissible to show consciousness of guilt. Given the low probity of this evidence, we agree that it probably should not have been admitted over objection in view of the high possibility of prejudice. However, defense counsel objected to its introduction solely on the ground that the testimony represented a relitigation of the "speedy trial" issue which the trial judge had already determined adversely to appellant. Without a clear objection to alert the trial judge to the problem, we do not think the record has been adequately preserved on this issue. Rules 30 and 52, Fed.R.Crim.P.

2. Appellant's contention that he was convicted of the wrong crime must fail for several reasons. Originally, appellant was charged with both grand larceny and larceny after trust. At appellant's request, the judge required the Government to elect at the close of all the evidence. We do not take occasion here to consider the validity of this ruling because the issue is not raised on appeal. The Government chose larceny after trust. There was no objection by the defense and no motion for acquittal after the Government's choice. Now appellant seeks to claim that there was no "trust" alleged or established. Insofar as the factual averments in the indictment may be insufficient to allege larceny after trust, any defect was cured by the verdict. Since no motion for acquittal was made on the ground of insufficiency of the evidence to establish larceny afer trust, only a finding of plain error can help appellant on this count, and we find none. Rule 52(b), Fed.R.Crim.P.