377 A.2d 1149 (1977)
In the Matter of A. L. S., Appellant.
Nos. 10373, 10946.
District of Columbia Court of Appeals.
Argued June 7, 1977.
Decided September 28, 1977.
*1150 Arthur J. Whalen, Jr., Washington, D. C., appointed by this court, for appellant.
Ted P. Gerarden, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before KELLY and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.
NEBEKER, Associate Judge:
Appellant appeals his delinquency convictions for felony murder and attempted armed robbery (D.C.Code 1973, §§ 22-2401; -2901 and -3202, respectively) in No. 10373. He also appeals, in No. 10946, subsequent convictions for armed robbery of two different victims. Separate trials were held as a result of appellant's successful motion for severance. The two cases are consolidated on appeal. We affirm.
All convictions arise from a spree of cab-driver robberies. They occurred one after the other on September 5, 1975, from 4:30 a. m. to 6:30 a. m. In the first two robberies appellant sat behind the driver while his companion sat on the right of the rear seat. In both instances, the companion pulled a gun and, with appellant's assistance, the cab driver was robbed of his money, jewelry, and pocket chattels. Each of the first two victims was locked in the trunk of his cab. The third victim was shot before he stopped his cab, causing it to crash and the two youths to flee. Items taken during the two earlier robberies were found at the murder scene and identified by their owners as the proceeds of those robberies. The two youths fled to an apartment, the occupant of which gave damaging testimony as to their possession of the fruits of the robberies and the companion's effort to remove blood from himself. When arrested, appellant confessed.
It is contended that the confession was inadmissible since it was not the product of a voluntary waiver of known rights. *1151 We conclude, however, that the record abundantly supports denial of the suppression motion. Appellant was informed of his rights four times prior to his making the confession. On two of these occasions, he signed a P.D. Form 47, thus indicating that he was aware of these rights. The adult woman, under whose care appellant had been for some time, was present during a portion of appellant's interrogation. She witnessed the reading of rights to appellant and his subsequent signing of one of the P.D. 47 forms. She also signed this card in the role of appellant's guardian. After appellant had given his statement to the police, the guardian read the statement to the appellant and the two of them signed each page of it. At the hearing, appellant testified that he understood the nature of his rights but that he, nevertheless, gave the statement because he hoped for preferential treatment. On the basis of this evidence, the hearing judge concluded that the appellant knowingly and voluntarily waived his rights. The confession was therefore admitted into evidence. The evidence amply supports this ruling on admissibility. See In re J. F. T., D.C.App., 320 A.2d 322 (1974).
Despite appellant's contention to the contrary, we find the evidence sufficient to convict him of felony murder and attempted robbery. The modus operandi evidence from the previous robberies gave compelling significance to the events in the murder cab and the presence at that scene of the fruits from the earlier robberies. Moreover, the two who were seen fleeing from that cab were wearing clothing consistent with that described by the occupant of the apartment at the time appellant and his friend arrived with other loot and a bloody appearance.
Because of the probativeness of the evidence respecting the earlier robberies, we likewise reject the contention that it was error to use such evidence at the murder trial. See Calhoun v. United States, D.C.App., 369 A.2d 605 (1977); Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964).
We find in this record a dubious basis for the order of a separate trial of the murder case. In any event, error was rectified when the trial judge in the murder case, who had not ordered the separate trial, permitted the introduction of the robbery evidence. Accordingly, appellant has no basis to raise any plea in bar (double jeopardy  res judicata or collateral estoppel) since separate trials resulted from his own efforts to that end. Cf. Jeffers v. United States, ___ U.S. ___, 97 S.Ct. 2207, 53 L.Ed.2d 168 (decided June 16, 1977).
The convictions and disposition order are accordingly
Affirmed.