**Gwendolyn A. SAMUELS, Appellant,**

v.

**UNITED STATES, Appellee.** ·

**No. 11316.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1978.

Decided March 29, 1978.

William T. Blair, Washington, D. C., appointed by this court, for appellant.

Richard C. Otto, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and James F. Rutherford, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, GALLAGHER and NE-BEKER, Associate Judges.

NEBEKER, Associate Judge:

Appellant was convicted, after trial by jury, of two counts of armed robbery. D.C. Code 1973, §§ 22–2901, –3202. On appeal she asserts that the trial court erred in permitting joinder of the two robbery counts under Super.Ct.Cr.R. 8(a), in denying her motion for severance of the counts under Super.Ct.Cr.R. 14, and in denying her motion for judgment of acquittal at the close of the government's case in chief. We affirm.

The government's evidence at trial showed that there were two armed robberies of cab drivers on January 4, 1976. The first robbery occurred at about 3:15 p. m. when two women asked the cab driver to take them to 72 Bates Street, N. W. One of the women, identified by the driver as Audrey Lawrence, appellant's codefendant at trial,[1] sat in the front seat, next to the driver; the other, who was never identified, sat behind the driver. On arriving at their destination, Audrey Lawrence pointed a .38

---

1. Appellant does not assert that she was improperly joined with Lawrence for trial.

caliber pistol at the driver and demanded that he "give it up" while the woman in the back seat immobilized the driver (by pulling his jacket down around his arms) and rifled his pockets, taking money and other valuables. They then ordered the driver from the cab and drove away in it.

The second robbery occurred approximately seven hours later, about 10:00 p. m., when two women approached another cab and asked the driver to take them to "First and Bates." One woman, identified at trial as Audrey Lawrence, took the front seat, next to the driver; the other, identified as appellant, took the back seat, behind the driver. On arrival, the driver was directed to proceed about two-thirds of the way down Bates Street and stop, which he did. After inquiring about the fare, Audrey Lawrence, in the front seat, drew a .38 caliber pistol, pointed it at the driver, and announced, "This is a stickup. Gimme your money! Gimme your wallet!" The driver complied with the first demand but did not have a wallet. He also complied with a demand for the keys to the cab by removing them from the ignition and handing them to appellant, in the back seat, who proceeded to rifle his pockets. At this juncture, the driver saw a police cruiser approaching from the rear and began to sound his horn. The police officers stopped and, when the driver said that the women were robbing him, arrested both women. A .38 caliber pistol was found beneath the front seat of the cab.[2]

Joinder of the two robbery counts in the same indictment was proper "if the offenses charged . . . are of the same or similar character . . . ." Super.Ct. Cr.R. 8(a). There can be no question that the two robberies charged here fit that description. *See, e. g., Coleman v. United States*, D.C.App., 298 A.2d 40, 42 (1972); *Hill v. United States*, 135 U.S.App.D.C. 233, 234, 418 F.2d 449, 450 (1968).

While misjoinder is error as a matter of law, "a refusal to grant severance is error only if it is an abuse of discretion." *Blunt v. United States*, 131 U.S.App.D.C. 306, 312 n. 16, 404 F.2d 1283, 1289 n. 16 (1968). The exercise of this discretion involves weighing the "prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration." *Williams v. United States*, D.C.App., 263 A.2d 659, 662 (1970), *quoting Drew v. United States*, 118 U.S.App.D.C. 11, 14, 331 F.2d 85, 88 (1964). Prejudice to the defendant is not a concern where "evidence of the offenses [would be] mutually admissible at separate trials and . . . the evidence of each offense is sufficiently simple and distinct so as not to confuse the jury" or confound the defendant in the presentation of different defenses to different charges. *Bell v. United States*, D.C.App., 332 A.2d 351, 353 (1975). The evidence relating to the two robberies was simple and distinct, and there is no claim that the jury confused it. The record reveals that the defendants at trial were well-prepared in their attempt to refute each charge separately.[3] The remaining issue, therefore, was whether the evidence relating to each charge would have been admissible in a separate trial of the other.

Evidence that appellant committed the second robbery is probative of the government's charge that she committed the first robbery since the circumstances of the two were so similar and so proximate in time as to tend to establish her identity. *United States v. McCray*, 140 U.S.App.D.C. 67, 69, 433 F.2d 1173, 1175 (1970). *Cf. Drew v. United States, supra* at 16, 18–19, 331 F.2d at 90, 92–93. In order for the evidence to be admissible, however, its probative value must outweigh the potential prejudice to appellant arising from the propensity of the jury to consider such evidence as tending to

---

**2.** The defenses of appellant and Lawrence added nothing to the government's case. Each presented an alibi defense to the first robbery. The second robbery, they testified, was in fact an attempted armed robbery of them by the cab driver when they said that they did not have the fare and would not, as demanded, pay with sex.

**3.** *See* note 2 *supra.*

show a disposition to commit crime. *Id.* at 15–16, 331 F.2d at 89–90. While the potential for such prejudice existed in this case, we cannot say that the trial court abused its discretion in ruling, in effect, that the potential prejudice was outweighed by the highly probative value of this evidence. Additionally, we note that the evidence circumstantially corroborated testimony that Lawrence participated in the first robbery, and appellant does not object to their joint trial. *See* note 1 *supra.*

■ Evidence of the first robbery is not probative of any element of the government's case against appellant in the second robbery, for that evidence, standing alone, did not tend to implicate appellant as a participant in the first robbery. That evidence would, however, have been probative of Lawrence's intent to commit the second robbery since Lawrence was identified as a participant in the first robbery. Appellant does not, as noted, object to her joint trial with Lawrence. We must, therefore, consider whether the potential prejudice to appellant occasioned by admission of this evidence is diminished by the directness and simplicity of the evidence as it related to each offense, *Drew v. United States, supra* at 17, 331 F.2d at 91, or outweighed by the probative value of the evidence in relation to the government's case against Lawrence —outweighed, in other words, by the interests of "economy and expedition in judicial administration." *Williams v. United States, supra,* 263 A.2d at 662. We conclude that both factors were present in this case. The record does not reveal that, as in *Drew,* the evidence of the two crimes was confused in its presentation to the jury; nor can we say that the trial judge, in considering appellant's motion to sever the two counts, had "reasonable ground for thinking that the jury could not keep separate what was relevant to each." *United States v. Lotsch,* 102 F.2d 35, 36 (2d Cir. 1939), *quoted with approval* in *Drew v. United States, supra* at 17, 331 F.2d at 91. Any residual potential for prejudice is, in this case, outweighed by the economy and efficiency interests in trying these counts together, for evidence of the second robbery

would have been fully admissible in a separate trial of the first even if evidence of the first robbery would have been only partially admissible in a separate trial of the second. *See Coleman v. United States, supra,* 298 A.2d at 43 (only significant portions of each offense must be mutually admissible). We cannot, therefore, say that the trial judge abused his discretion in denying severance of these counts.

■ Appellant also asserts that the evidence relating to the first robbery was insufficient to sustain her conviction. We disagree. The government's evidence tended to show that the two robberies of cab drivers took place within seven hours, in the same city block, by two women, one of whom was Lawrence; that in each instance Lawrence was in the front seat while her accomplice, identified as appellant in the second robbery, was in the back seat; that Lawrence used a .38 caliber pistol in each robbery while her accomplice rifled the victim's clothes; and that in each case the victim was deprived of the use of the cab as well as of money and other personal items. This evidence, while circumstantial, was sufficient for "a reasonable person [to] find guilt beyond a reasonable doubt." *Williams v. United States,* D.C.App., 357 A.2d 865, 867 (1976). *See, e. g., In re A.L.S.,* D.C. App., 377 A.2d 1149, 1151 (1977); *Bord v. United States,* 76 U.S.App.D.C. 205, 206, 133 F.2d 313, 314 (1942).

The judgment of conviction is

*Affirmed.*