Kevin J. RAY, Appellant,

v.

UNITED STATES, Appellee.

Jackson T. ELLERBE, Appellant,

v.

UNITED STATES, Appellee.

Nos. 82–948, 82–967.

District of Columbia Court of Appeals.

Argued Sept. 21, 1983.

Decided Jan. 31, 1984.

Prudence Bushnell, Bethesda, appointed by the court, with whom Jeffrey Lee Greenspan, Washington, D.C., was on the brief, for appellant Ray.

Richard J. Toth, Washington, D.C., for appellant Ellerbe.

Terence J. Keeney, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, John R. Fisher, and Steven C. Tabackman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, MACK and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellants each were convicted of two counts of robbery, D.C.Code § 22–2901 (1981), one count of second-degree burglary, *id.* § 22–1801(b), and one count of destruction of property, *id.* § 22–403. The two robbery counts arose out of a single occurrence. The destruction of property count

and the burglary count (hereinafter together er referred to as "burglary counts") arose out of a second occurrence. Both defendants and all four counts were tried together. Appellants contend before this court that there was a misjoinder of the charges arising out of the respective occurrences, and that the court erred in denying their motion to sever offenses. We conclude that although it was proper to try Ellerbe and Ray jointly, the joinder of the two robbery counts with the burglary counts constituted reversible error.[1]

The robberies occurred at about 12:30 p.m. on January 22, 1982, on 15th Place, S.E. Complainants Anthony McClain and Montgomery Foullard were walking to school when Ray and Ellerbe approached them. The four were acquainted, though the evidence differed on how well. Ray threatened McClain and took his new coat. Ellerbe struck Foullard and took his coat. Appellants left their own coats with the two young men, telling them to come to a bus stop later in the afternoon to re-exchange the coats. Their defense to the robbery charge was that the coat exchange was not a taking by force but a voluntary, temporary trade among friends.

Ray and Ellerbe testified that they spent the rest of the day together and went to a party that night. At 4:00 a.m. on January 23, about 15 hours after the robbery, the incident giving rise to the burglary counts occurred. Police officers received a radio call when the burglary alarm of a gas station at 2510 Pennsylvania Avenue, S.E., sounded. When police arrived at the station, they found Ray opening the garage bay door and Ellerbe inside the garage with merchandise in his arms. The police arrested both as they tried to flee. Ray and Ellerbe were wearing McClain's and Foullard's coats at the time of the arrest.

Appellants were convicted of all charges after a joint trial. On appeal, we address the question whether the charges against them were properly joined for trial. A challenge to joinder may give rise to two stages of inquiry. The first concerns whether it was correct initially to join the defendants and charges in a single indictment. This implicates Super.Ct.Crim.R. 8,[2] which authorizes a court to join multiple offenses or defendants if the offenses or defendants are linked in specified ways. The second stage concerns relief from prejudicial joinder and implicates Super.Ct. Crim.R. 14.[3] Even if offenses or defendants are properly joined under Rule 8, a court can sever the offenses or defendants for multiple trials if joinder prejudices any party.

---

1. Ellerbe also contends on this appeal that the evidence supporting his robbery conviction was insufficient. This assertion is meritless and we reject it. Ray argues that the trial judge should have granted his request for lesser-included-offense instructions. Because we reverse on the joinder issue, we do not reach Ray's contention.

2. Super.Ct.Crim.R. 8 provides:
   (a) *Joinder of offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan.
   (b) *Joinder of defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in 1 or more counts together or separately and all of the defendants need not be charged in each count.

3. Super.Ct.Crim.R. 14 provides:
   If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the Court may order the prosecutor to deliver to the Court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

■ The standard for appellate review of an assertion of error under Rule 8 differs from the standard under Rule 14. Misjoinder under Rule 8 is an error of law. Thus, the appellate court subjects the trial court's Rule 8 decision to de novo review. *See Samuels v. United States,* 385 A.2d 16, 18 (D.C.1978). *Accord United States v. Jackson,* 183 U.S.App.D.C. 270, 278 n. 10, 562 F.2d 789, 797 n. 10 (1977). Rule 14 severance for prejudice, on the other hand, is committed to the sound discretion of the trial court. This court will not reverse except for abuse of discretion. *Johnson v. United States,* 398 A.2d 354, 367 (D.C.1979); *Samuels, supra,* 385 A.2d at 18.

■ There are distinctions within Rule 8 as well as between Rules 8 and 14. Rule 8(a) allows joinder of different offenses committed by one defendant. Rule 8(b) controls joinder in any case that involves more than one defendant, whether the issue is joinder of defendants or joinder of offenses. *Cupo v. United States,* 123 U.S. App.D.C. 324, 326–27, 359 F.2d 990, 992–93 (1966), *cert. denied,* 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967); *Davis v. United States,* 367 A.2d 1254, 1260 & n. 9 (D.C. 1976), *cert. denied,* 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 114 (1977). The headings of the subsections of Rule 8 do not make this distinction clear. Rule 8(a) is labeled "joinder of offenses" and 8(b) is labeled "joinder of defendants." But the weight of authority in this jurisdiction and in the federal circuits supports the application of 8(b) to both joinder of offenses and joinder of defendants in any multiple defendant case. *E.g., Sousa v. United States,* 400 A.2d 1036, 1040 (D.C.), *cert. denied,* 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979) (applying 8(b) to joinder of several offenses committed by several defendants); *United States v. Jackson, supra,* 183 U.S.App.D.C. at 274–75, 562 F.2d at 793–94 (two defendants, two offenses, under 8(b)). Application of the proper subsection of Rule 8 may be consequential because Rule 8(a) joinder is more liberal than Rule 8(b) joinder: under 8(a), offenses may be joined if they are either similar in character or based on the same act or transaction, whereas under Rule 8(b), offenses may be joined only if they are based on the same act or transaction or series of acts or transactions.

■ In the instant case, Ray and Ellerbe were tried together. Rule 8(b) therefore controls joinder.[4] Appellants have never asserted that they should have been tried separately. They argue on appeal only that the robbery counts should not have been tried jointly with the burglary counts.[5] We agree and hold that joinder of the robbery counts with the burglary counts violated Rule 8(b).[6] The two crimes were not parts of one series of acts.

**4.** The government argued before this court that the offenses were joinable because they occurred within hours of each other in the same area of the city. We note that the crimes occurred 15 hours apart and that while both took place in the same quadrant, the site of the robberies was a considerable distance from the site of the burglary. We doubt that the times and places were close enough to allow us to conclude that the crimes were similar and therefore joinable. In any event such similarities are relevant only to an 8(a) inquiry. Because we must look to 8(b) in the instant case, the question is whether the offenses were in the "same series of acts or transactions."

**5.** In his appellate brief, Ray argues that the trial court abused its discretion by denying the Rule 14 motion to sever for prejudice. Because we reverse on Rule 8 grounds, we need not reach the Rule 14 arguments.

**6.** Although the government argues to the contrary, we are satisfied that appellants preserved this point for appeal. Super.Ct.Crim.R. 12(b) lists motions that must be raised before trial. Motions not raised are waived. Under Rules 12(b)(2) and 47–I(c), motions based on defects in an indictment must be raised within 10 days of arraignment or of entry of appearance of counsel. A motion to sever counts of the indictment falls under these rules. *Evans v. United States,* 392 A.2d 1015, 1022–23 (D.C. 1978). An alternate and expressly applicable ground for requiring timely request for severance is Super.Ct.Crim.R. 12(b)(5), which states that requests for severance under Rule 14 must be raised before trial. The 10-day limitation of Rule 47–I(c) applies to Rule 12(b)(5) motions.

We first examine whether appellants made timely motions for relief. Ellerbe and Ray were arraigned on March 8, 1982. Ellerbe filed his motion to sever counts on March 10, well with-

*Davis, supra,* 367 A.2d at 1261–62, sets out three categories of cases in which joinder generally has been permitted under Rule 8(b)[7]: (1) cases in which the offenses are committed to achieve a specific common end; (2) cases in which one offense leads logically to the other, and (3) cases in which the offenses are part of a common scheme and are so closely connected in time and place that necessarily proof of the two crimes overlaps substantially.

The robbery and burglary offenses before us do not fall into any of these three categories. As to the first, the government argues that both offenses were directed toward the common goal of obtaining property from others. We believe this goal is too broad to unite the offenses. Under the government's rationale, any two property crimes, no matter how different or how distant in time, could be joined. *Davis* emphasizes that the common goal must be "specific" and explains further that offenses within the first of the above three categories should depend for their furtherance or success on each other. *Davis, supra,* 367 A.2d at 1263. The robbery and burglary in this case did not in any way depend on each other for success.

As to the second factor, there is no evidence that the robbery "necessarily led to or caused" the burglary. *Id.* The second crime simply was not shown to have led logically from the first.

The third factor emphasizes overlap of proof between the two offenses. The overlap must be "substantial" and "necessary." *Id.* The government argues that the evidence here overlapped in two ways. First, the fact that Ray and Ellerbe were wearing the stolen coats at the time of the burglary could be introduced at a separate robbery trial to prove Ray and Ellerbe did not intend to return the coats. This would undermine the defendants' robbery defense. To prove that, however, the government would need only to introduce evidence that appellants were seen wearing the coats 15 hours after the robbery. Proof of all the surrounding facts of the burglary would be entirely unnecessary. The overlap in this regard was insubstantial.

The second area of possible overlap of evidence is again related to intent: the government argues that evidence of the earlier robbery could help show appellants' intent to steal from the gas station, and so could meet their defense that they were at the station for innocent purposes. When two crimes are as dissimilar as these, however, at best a weak inference of intent to commit the later offense arises from commission of the earlier. There was a good deal of independent evidence of intent to steal from the gas station: the police found

in the 10-day limit. Ray did not file a motion at the same time, but he orally joined Ellerbe's motion at the motions hearing held on March 18. Thus, Ray also moved for severance within 10 days after March 8.

We examine next whether appellants focused below on the proper Rule 8 subsection, subsection (b). Their motions to sever concentrated on the dissimilarity of the robbery and the burglary—an 8(a), not an 8(b), emphasis—and on the prejudice resulting from joinder, a Rule 14 emphasis. In the memorandum in support of the motion, Ellerbe's counsel cited the trial court primarily to Rule 8(a). Counsel also discussed Rule 8(b), however, and quoted extensively from *Davis v. United States, supra,* which explicitly held that only Rule 8(b) applies in a multiple defendant case. 367 A.2d at 1260 & n. 9. The government's opposing memorandum in the trial court recognized that "[i]n a co-defendant case, *Super.Ct.Crim.R.* 8(b) con-trols the joinder of offenses as well as defendants" (emphasis in original). While the distinctions between paragraphs (a) and (b) of Rule 8 became blurred both below and on appeal, we believe defendants adequately raised 8(b) below and thus preserved the issue for appeal.

7. Joinder is also proper in another category of cases: those in which the government alleges a conspiracy. In *Schaffer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), the Supreme Court approved joinder of defendants charged with conspiracy and otherwise unrelated acts. The conspiracy count links the offenses and creates overlapping issues and proof. The government did not charge Ray and Ellerbe with a conspiracy, so the *Schaffer* analysis is inapplicable in this case. Of the cases cited in *Davis* to exemplify the three categories identified there, none is a conspiracy case.

Ellerbe with merchandise in his arms; there was evidence that Ray tried to force the garage door open, and both Ray and Ellerbe attempted to flee the scene. In these circumstances we think that the evidence from the robbery would not "substantially" or "necessarily" overlap with that of the burglary, as *Davis* demands. Indeed, if the burglary were tried separately, evidence of the earlier robbery would be more prejudicial than probative.

Finally, even if there was some small overlap of evidence, separating the presentation of proof of one crime from that of the other was here very easy. One crime was stealing coats from acquaintances, the other breaking into an empty gas station. *Davis* states that in order for a case to come within category (3), separation of the proof of the offenses must be difficult. 367 A.2d at 1262.

■ The final question is whether the misjoinder under 8(b) was harmless error. There is some disagreement on whether the harmless error standard is appropriate when Rule 8 misjoinder is found. *See United States v. Seidel,* 620 F.2d 1006, 1016–17 (4th Cir.1980), and cases cited therein. In this jurisdiction, however, the harmless error test is applied. *See Baker v. United States,* 131 U.S.App.D.C. 7, 21–23, 401 F.2d 958, 972–74 (1968), *cert. denied,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); *Davis, supra,* 367 A.2d at 1263.

■ Courts that apply the harmless error standard generally consider misjoinder harmless if all or substantially all of the evidence of one offense would be admissible in a separate trial of the other. *See, e.g.,*

*United States v. Chinchic,* 655 F.2d 547, 551 (4th Cir.1981); *United States v. Ajlouny,* 629 F.2d 830, 843 (2d Cir.1980), *cert. denied,* 449 U.S. 1111, 101 S.Ct. 920, 66 L.Ed.2d 840 (1981); *United States v. Franks,* 511 F.2d 25, 29–30 (6th Cir.), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975); *Baker v. United States, supra,* 131 U.S.App. D.C. at 21, 401 F.2d at 972. In such a situation there can be no harm in trying the offenses together rather than successively, because in either event the jury will hear all about both crimes. So "joinder is allowed despite [the presumptive] possibility of prejudice due to the cumulation of evidence against defendants, because it will 'promote economy and efficiency and . . . avoid a multiplicity of trials.'" *Davis, supra,* 367 A.2d at 1263 (quoting *Daley v. United States,* 231 F.2d 123, 125 (1st Cir.), *cert. denied,* 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956)).

In the case at hand, there is no contention that all or substantially all of the evidence of each crime would be admissible in the trial of the other. Joint trial thus did not promote efficiency.[8]

■ In sum, we are satisfied that it is likely that the joinder prejudiced Ray's and Ellerbe's chances of acquittal on each charge. Juxtaposition of the weaker burglary defense of innocent presence with the comparatively stronger robbery defense of temporary voluntary exchange may well have damaged the defendants' defense of the robbery charges. Appellants' participation in the robbery probably also undermined their defense to the burglary counts, which rested on their credibility. While appellants' defense to burglary was flimsier

---

8. The government argues in its appellate brief that if the evidence does not overlap sufficiently to join the crimes, then the charges are joinable under the rule of *Dunaway v. United States,* 92 U.S.App.D.C. 299, 205 F.2d 23 (1953). *Dunaway* held that joinder of several similar offenses did not violate FED.R.CRIM.P. 14 (identical to Super.Ct.Crim.R. 14) if the evidence supporting each offense was so separate and distinct that the jury could not have been confused and could not have thought evidence of one offense corroborative of another.

The *Dunaway* analysis does not apply to our case. In *Dunaway* the offenses had been properly joined under FED.R.CRIM.P. 8(a) (identical to Super.Ct.Crim.R. 8(a)). 92 U.S.App.D.C. at 300, 205 F.2d at 24. The court construed Rule 14 to see if that initial joinder was unduly prejudicial. Here, we do not reach Rule 14 prejudice analysis because initial joinder was not proper.

than their defense to robbery, we cannot say that their defense to burglary was so weak that it was harmless error to weaken it further by the joinder. Thus, the error was not harmless as to either crime, and we reverse all convictions.

*Reversed and remanded for further proceedings consistent with this opinion.*