Wallace E. WRIGHT, Appellant,

v.

UNITED STATES, Appellee.

No. 83–479.

District of Columbia Court of Appeals.
Decided May 30, 1986.

Richard S. Greenlee, Public Defender Service, with whom James Klein, Public Defender Service, Washington, D.C., for appellant.

Daniel S. Seikaly, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on petition for appellee.

Before MACK and ROGERS, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

In a Petition for Rehearing, the government asks that the court reconsider in one respect its decision in *Wright v. United States*, 505 A.2d 470 (D.C.1986). The government asks that we remand only appellant's conviction for possession with intent to distribute heroin, leaving intact the distribution of heroin conviction. We remanded the case on the basis of the trial court's erroneous failure to give a lesser-included offense instruction. Because we remanded the case on other grounds, we did not address the issue of misjoinder. We now do so.

Arguing that misjoinder of the counts of possession with intent to distribute heroin and distribution of heroin was harmless, the government now advocates letting the conviction for the latter stand and remanding only on the intent to distribute count. We agree that the misjoinder was harmless and that only appellant's conviction for possession ·with intent to distribute heroin should be remanded for a new trial.

■ It is established in this jurisdiction that misjoinder under Super.Ct.Crim.R. 8 [1] is subject to the usual harmless error standard. *See Ray v. United States*, 472 A.2d 854, 859 (D.C.1984) (citing *Baker v. United States*, 131 U.S. App. D.C. 7, 21–23, 401 F.2d 958, 972–74 (1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970)); *Davis v. United States*, 367 A.2d 1254, 1263 (D.C.1976), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 114 (1977). Resolving controversy among the courts concerning the appropriate standard to apply in misjoinder cases, the Supreme Court has recently upheld this position. *See United States v. Lane*, — U.S. —,

106 S.Ct. 725, 88 L.Ed.2d 814 (1986). In addition to the guidance of the rule itself, this court has outlined three categories of cases in which Rule 8 (b) joinder is deemed permissible: (1) cases where the offenses are committed to achieve a specific common end; (2) cases where the offense logically leads to another; and (3) where the offenses are part of a common scheme or plan so that there is a substantial overlap in the proof. *Davis, supra*, 367 A.2d at 1261–62. In these instances, joinder is permitted despite a possibility of prejudice in order to promote judicial economy and efficiency. *Ray, supra*, 472 A.2d at 859.[2]

■ The government conceded that failing to fall into àny of the three *Davis* categories, the first count of the indictment charging Washington alone for an offense on October 17, and the two remaining counts involving Washington and appellant on October 29 were misjoined. First, no evidence was offered to establish that the offenses had either a "specific," single goal or were in any way interdependent. Second, there was no indication that the October 17 offense in any way effected or led to the October 29 offense. *Cf. Scheve v. United States*, 87 U.S. App. D.C. 289, 290, 184 F.2d 695, 696 (1950) (joinder proper where assault "directly occasioned by and grew out of" gambling offense). Finally, when no testimony pointed to any participation on appellant's part in the October 17 transaction, no proof overlapped to place the offenses in the third category. Accordingly, with none of the *Davis* criteria which permit joinder having been met, joinder was improper. An analysis of whether the

---

1. Rule 8(b) is identical to the analogous federal rule. Applying to both joinder of offenses and joinder of defendants in any multiple defendant case, Rule 8(b) provides:

   Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately.and

   all of the defendants need not be charged in each count.

   Rule 8 (b) has more stringent requirements than Rule 8(a). *See Fields v. United States*, 484 A.2d 570, 573–74 n. 2 (D.C.1984), *cert. denied*, — U.S. —, 105 S.Ct. 2144, 85 L.Ed.2d 501 (1985).

2. Joinder is also permitted when, unlike in this case, the government has alleged conspiracy. *Ray, supra*, 472 A.2d at 858 n. 7.

misjoinder was harmless is therefore required.

Despite the potential for prejudice which accompanies misjoinder, we find the misjoinder in this particular case was harmless.[3] Principally, the evidence of appellant's involvement in distribution of heroin was compelling. Not only was a large quantity of heroin seized from appellant's car, along with cutting materials, but a large sum of money, including two marked bills, was seized from his person. In light of the total evidence, we find there was scant likelihood of a jury's finding that appellant was guilty based on inferences from Washington's guilt. Secondly, the court specifically instructed the jury that evidence of the October 17 transaction was to be considered only as it related to Washington. While such an instruction will not always render an improper joinder harmless, it is a factor which, along with the strong evidence of guilt, allows us to conclude appellant was not unduly prejudiced by the misjoinder.

We conclude it was unlikely that the instructional error concerning one count prejudically influenced the jury's consideration of the distinctly separate count. Regardless of the erroneous failure to issue a lesser-included offense instruction, then, the judgment of conviction on the distribution will stand. A new trial is authorized only on the count for intent to distribute. To this extent we modify our previous opinion in this case.

*So ordered*

3. We refer to the facts outlined in *Wright, supra,* 505 A.2d at 471.