609 A.2d 259 (1992)
Larry GOOCH, Appellant,
v.
UNITED STATES, Appellee.
Nos. 89-CF-281 and 90-CF-845.
District of Columbia Court of Appeals.
Argued March 6, 1991.
Decided May 12, 1992.
*260 Lesley Zork, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.
Philip S. Kushner, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas J. Tourish, Jr., Asst. U.S. Attys., were on the brief, for appellee.
Before TERRY and WAGNER, Associate Judges, and PRYOR, Senior Judge.
WAGNER, Associate Judge:
Appellant was convicted of one count of armed robbery, D.C.Code §§ 22-2901, -3202 (1989), one count of robbery, D.C.Code § 22-2901 (1989), and one count of unauthorized use of a motor vehicle (UUV), D.C.Code § 22-3815 (1989).[1] After sentencing, appellant filed a motion to vacate sentence and set aside the judgments of conviction pursuant to D.C.Code § 23-110 (1989). The trial court denied the motion without a hearing. Before the court are appellant's consolidated appeals from the judgments of conviction and the denial of the section 23-110 motion. Appellant argues for reversal on the grounds that: (1) the UUV count was improperly joined with the robbery charges under Super.Ct.Crim.R. 8(a); (2) the two robbery charges should have been severed pursuant to Super.Ct.Crim.R. 14; and (3) he was denied effective assistance of counsel in that trial counsel failed to move for relief from misjoinder and to suppress out-of-court identifications. We affirm.

I.
The events which resulted in appellant's convictions occurred in January 1987. On January 8, 1987, appellant spent the night with a longtime friend, Wendell Parker, whom he had not seen for about six months. Parker was keeping his mother's car while she was in Florida. The keys to the vehicle were on a table when Parker went to bed that night. At about 6:00 a.m. Parker went through appellant's pants pocket and saw a key which looked like the one to his mother's car. To keep appellant from detecting that he had been "snooping," Parker left the key where he found it and did not question appellant about it. When appellant left later, he took the car without Parker's permission, and Parker reported the car stolen.
On January 12, 1987, at about 6:00 p.m., Olivia Smith was waiting in her car for her daughter and grandchild in front of 422 Fourth Street, N.E., when she noticed a man standing on the corner who appeared to be looking for someone. Ms. Smith got out of the car to put her purse in the trunk. Suddenly the man crossed the street and asked if she needed help. Ms. Smith ran toward the house and yelled for help, but she tripped and fell. The man grabbed her purse and ran. Ms. Smith described her assailant to the police as a young man *261 between the ages of sixteen and twenty, about "her complexion," five feet six or seven inches tall. She also told the police that the man was wearing a dark military jacket with its hood pulled up, over a light or white knitted cap which partially covered his face.
While the robbery was occurring, Peter Hayes was in a nearby alley and heard Ms. Smith screaming. He saw a black man wearing an army jacket running up the alley towards him. The two came face to face, and appellant threatened to kill Mr. Hayes if he came after him. Mr. Hayes testified that he saw an object in the man's hand which appeared to be a purse. Mr. Hayes did not pursue the man, but he went to see if Ms. Smith needed help. Mr. Hayes picked appellant's photograph from a photo array of ten to twelve people and identified him as the man in the alley that night.[2]
About 7:00 p.m. that same evening, in the area of Corcoran Street and Mt. Olivet Road, N.E., Patricia Irvin was robbed of her purse by a man with a screwdriver-like weapon. The robber placed the weapon at her back and demanded and took her purse. Afterwards, the robber moved in front of Ms. Irvin and went through her pockets during which time she was able to see the man's face and the weapon. Ms. Irvin was not too far from a lamp post at the time. She testified that she "got a pretty good picture in [her] head about who he was." Later, Ms. Irvin described her assailant as wearing a knit hat, pulled over his eyebrows and a military coat with the collar turned up.
A police officer testified that following the robbery, Ms. Irvin stated that she might have difficulty identifying the man who robbed her because he kept his head down partially; however, the officer also testified that she said she might be able to identify him. Ms. Irvin did identify appellant as the robber, selecting his picture from a photo array of six or eight men. This complainant said that the detective simply placed the photos on a table and asked her if she recognized anyone. She testified that she recognized the man who had taken her purse and that she selected appellant's picture from the photo array. Subsequently, Ms. Irvin attended a lineup in which appellant appeared, but she pointed out another man that she recognized from some other situation. Ms. Irvin explained that she was slightly nervous during the lineup and that she felt rushed. Later, she informed a detective that the person she pointed out in the lineup was not her assailant. Subsequently, she was shown a photograph of the lineup, and she identified appellant as the person who robbed her. Ms. Irvin testified that no one told her whom to select and that she was certain of the identification.
Appellant was arrested shortly after midnight on January 13, 1987 in possession of the stolen vehicle. The handbags taken in the Smith and Irvin robberies were found in the trunk of that car.
Prior to trial, appellant's counsel filed a motion to sever the robbery counts pursuant to Super.Ct.Crim.R. 14. The government conceded the motion as to one armed robbery count involving an offense which occurred on November 7, 1986. The trial court denied the motion with respect to the remaining charges. Appellant filed a posttrial motion pursuant to D.C.Code § 23-110 alleging ineffective assistance of counsel based on trial counsel's failure: (1) to seek relief from misjoinder of the UUV and the robbery charges under Super Ct.Crim.R. 8(a); (2) to argue properly the factors requiring severance of the robbery counts; and (3) to move for suppression of the out-of-court identifications. The trial court denied the motion without a hearing, concluding as to the severance issues that it would have been impossible for trial counsel to prevent the government from attempting to prove the identify of the robber without also proving his theft of the automobile and the recovery of the stolen purses from the vehicle's trunk. The court also ruled *262 that there was no basis for suppressing the out-of-court identifications because the record reflected no undue suggestivity. Therefore, the court found no prejudice in counsel's decision not to file the motions because there was no adequate support for them.

II.
Appellant argues that the trial court erred in failing to sever the UUV from the robbery counts, which he contends were improperly joined under Super.Ct.Crim.R. 8(a), when it considered appellant's motion for severance filed under Super.Ct.Crim.R. 14.[3] We disagree. Super.Ct.Crim.R. 8(a) allows two or more offenses involving one defendant to be joined where the offenses are "(1) of the same or similar character; (2) are based on the same act or transaction; or (3) are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Roper v. United States, 564 A.2d 726, 729 (D.C.1989).
Appellant argues first that the UUV and the robbery charges do not meet the "same or similar character" requirement of Rule 8(a) because there is no "substantial degree of similarity among the crimes charged." See id. at 729. Offenses meet this criteria where the counts of the indictment "allege the same general kinds of crimes." Winestock supra note 3, 429 A.2d at 524. However, courts have generally permitted joinder under the "same or similar" provision only where substantial similarity exists among the offenses. Roper, supra, 564 A.2d at 729. This "substantial similarity" determination may be made by examining the elements of the offenses charged. See id. at 729-30; see also Winestock, supra note 3, 429 A.2d at 524-25. An analysis of the elements of UUV and robbery shows that the requisite degree of similarity exists between them for joinder under Rule 8(a).[4]
The crimes of robbery and UUV are crimes against the owner's right of possession. We have held that larceny is a necessarily included offense of robbery, Dublin v. United States, 388 A.2d 461, 463 (D.C. 1978), and that no significant difference emerges from a comparison of the crime of UUV to larceny. Arnold v. United States, 467 A.2d 136, 139 (D.C.1983). Indeed, under the former grand larceny statute (D.C.Code § 22-2201 (1981)), the taking of property without the owner's consent with the intent to appropriate it to a use inconsistent to sustain a conviction of both UUV and grand larceny. Fredericks v. United States, 306 A.2d 268, 270 (D.C.1973). *263 While robbery requires proof of some elements which UUV and larceny do not, the common elements of the offenses allow the three offenses to be charged for the same conduct. If appellant had seized the vehicle from the immediate possession of the owner, it is beyond dispute that the offense of UUV and robbery could have been charged properly. The commonality of the elements permits both offenses to be proved by the same conduct. This similarity supports the conclusion that the offenses are at least of similar character within the meaning of Rule 8(a). The additional elements which distinguish robbery from UUV do not undercut the degree of their similarity. Thus, we conclude that the offenses are properly jointed under the liberal interpretation of Rule 8(a) which favors joinder. See Ray, supra note 3, 472 A.2d at 857.
However, the government does not rest its argument that the offenses are joined properly upon the same or similar character provision of Rule 8(a). Rather, the government contends that the counts were properly joined under Rule 8(a) because they are connected together since proof of one crime constituted a substantial portion of proof of the other. See United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir.1984). Since the purses taken in the robberies were found in the trunk of a car which appellant had stolen several days earlier, the government argues that this is evidence from which the jury could reasonably infer that the vehicle was in appellant's possession and that appellant had committed the robberies. It is appellant's position that although the government had a reason to show that the items taken in the Smith and Irvin robberies were found in the trunk of a car possessed by appellant in order to corroborate his identity as the robber, it was unnecessary to prove that the vehicle had been stolen. In any event, according to appellant, dissimilar offenses cannot be properly joined unless they are also part of a common scheme and meet the criteria established for joinder as interpreted for Super.Ct.Crim.R. 8(b).[5]
First, we reject the argument that the proper interpretation of Rule 8(a) is governed by the standards set for joinder under Rule 8(b).[6] Although the most crucial distinction acknowledged in prior cases has been the presence of the "same or similar character" provision in Rule 8(a), we do not read these decisions, as appellant suggests, to foreclose an independent analysis of the meaning of Rule 8(a). See Settles, supra note 5, 522 A.2d at 352; Ray, supra note 3, 472 A.2d at 857. The decisions in Ray and Settles recognize that questions of misjoinder under each section must be resolved independently because of their differences, which are consequential. Settles, supra note 5, 522 A.2d at 352; Ray, supra note 3, 472 A.2d at 857. Moreover, Rule 8(a) is interpreted more liberally in favor of initial joinder. Settles, supra note 5, 522 A.2d at 352; Ray, supra note 3, 472 A.2d at 857; United States v. Jackson, 183 U.S.App.D.C. 270, 277-78, 562 F.2d 789, 796-97 (1977). Thus, we do not view our prior decisions as restricting our application of Rule 8(a) to dissimilar offenses which can be joined under Rule 8(b). Rather, we look to the language of Rule 8(a) which controls here, and consider whether *264 the offenses are based on "2 or more acts or transactions connected together." See Roper, supra, 564 A.2d at 729 (commonsense definitions relied upon in interpreting provision of Rule 8(a)). Thus, we hold that the language of the rule alternatively includes transactions connected together or transactions "constituting parts of a common scheme or plan." Super.Ct.Crim.R. 8(a).
In our analysis, we are guided also by federal decisions construing the identical federal rule. Roper, supra, 564 A.2d at 729 n. 4. Under the federal rule, two crimes are considered to be "`connected' together if the proof of one crime constitutes a substantial portion of the proof of the other." Montes-Cardenas, supra, 746 F.2d at 776. "In determining whether offenses are based on `acts or transactions connected together,' the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." Blunt v. United States, 131 U.S.App.D.C. 306, 311, 404 F.2d 1283, 1288 (1968) (quoting Baker v. United States, 131 U.S.App.D.C. 7, 20, 401 F.2d 958, 971 (1968)), cert. denied, 394 U.S. 909, 89 S.Ct. 1021, 22 L.Ed.2d 221 (1969). Joining offenses thus connected avoids the need for duplicating proof at successive trials. Id.[7] Any undue prejudice can be avoided by grant of severance under Super.Ct.Crim.R. 14.
Under the foregoing standard, joinder also was permissible in this case under that part of Rule 8(a) which permits joinder of offenses "connected together." The proceeds of the robberies were found in the trunk of the vehicle which appellant had stolen several days earlier. If the jury found beyond a reasonable doubt that appellant had exclusive possession of the car and its contents (i.e., the purses), the jury could reasonably infer that appellant stole the items.[8] The car was not owned by appellant; therefore, it was important to the government's proof that appellant obtained and maintained possession of it before and during the critical period following the robberies. Thus, proof of appellant's retention of the property to the exclusion of the owner or others entitled to possession was relevant to proof of the robberies. Exclusive possession of the vehicle was disputed at trial. Reciprocal admissibility is not the test in determining whether offenses can be joined properly under Rule 8(a). See Winestock, supra note 3, 429 A.2d at 524. Our focus is on whether there is a substantial overlap of proof relevant to the offenses.[9]
In view of the substantial overlap in evidence, the offenses were connected under Rule 8(a), thereby allowing joinder. Having also determined that the offenses meet the criteria of the "same or similar character" provision of the rule, appellant's challenge to the trial court's ruling based upon improper joinder must fail. Likewise, appellant's claim that trial counsel was ineffective in failing to file for severance under Rule 8(a) cannot succeed.

III.
Appellant argues that the trial court erred in denying severance under Super.Ct.Crim.R. 14. We disagree. Even when offenses are properly joined, it is within the trial court's discretion to sever counts and order separate trials if the defendant would be prejudiced by joinder. See Ray, supra note 3, 472 A.2d at 857. Our standard of review of such rulings is abuse of discretion, and appellant must make a showing of compelling prejudice to show such error. Winestock, supra note 3, 429 A.2d at 526-27. Of course, there is a potential for prejudice whenever similar, but unrelated, offenses are charged. Id. at 527. However, the requisite prejudicial effect *265 for a severance will not be found where the evidence can be kept separate and distinct at trial or is mutually admissible at separate trials. Id.
Even assuming that evidence of the offenses in the present case were not mutually admissible, appellant has failed to establish that the evidence could not be kept separate and distinct such that it would not be "amalgamated in the jury's mind into a single inculpatory mass." Id. (quoting Bridges v. United States, 381 A.2d 1073, 1075 (D.C.1977) cert. denied, 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978)). The government proffered that the two robberies involved different victims at different locations about thirty minutes apart. One victim was robbed as she got out of her car, and the other was robbed by an armed man as she got off a bus. Since the crimes were distinct and uncomplicated, it was not an abuse of discretion for the trial judge to conclude that the test for a finding of prejudice was not met. See Winestock, supra note 3, 429 A.2d at 527. The motion is always renewable. Id. Furthermore, the evidence of each crime was presented ultimately in a distinct manner. Therefore, we find no abuse of discretion in the trial court's ruling denying the motion.

IV.
Appellant contends that the trial court erred in denying without a hearing his motion made pursuant to D.C.Code § 23-110 based on ineffective assistance of counsel. We resolved in Part II of this opinion appellant's claim of ineffectiveness based on his attorney's decision not to move for severance under Super.Ct.Crim.R. 8(a). We turn then to appellant's claim that his counsel was ineffective in that he failed to file a motion to suppress the out-of-court identifications of appellant by Ms. Irvin and the witness, Peter Hayes.
In denying appellant's motion, the trial court held that appellant's allegations were "vague and conclusory, and totally unsupported by the record." In addition, the trial court found no showing of prejudice as a result of the claimed deficiency. Essentially, the trial court found that a motion to suppress the identifications would not have succeeded because there was no evidence of undue suggestivity in the photo array. Having had an opportunity to review the photo array, we agree with the trial court's conclusion. Since the motion would not have succeeded, appellant cannot show the requisite prejudice. Absent prejudice, ineffective assistance of counsel warranting reversal cannot be found. Griffin v. United States, 598 A.2d 1174, 1176 (D.C. 1991).
For the foregoing reasons, the judgments appealed from hereby are
Affirmed.
NOTES
[1] The trial court granted a motion for judgment of acquittal at the close of the government's case for a charge of receiving stolen property. D.C.Code § 22-3832(a) and (c)(2) (1989).
[2] Mr. Hayes had been shown a photo array and said he recognized someone in it from the incident.
[3] Since a request for relief from misjoinder under Rule 8(a) attacks the indictment, it must be filed within twenty days after the status hearing in felony cases. Super.Ct.Crim.R. 12(b)(2), 47-I(c). See Winestock v. United States, 429 A.2d 519, 524 (D.C.1981). Unless raised as required, the challenge is deemed to be waived. Ray v. United States, 472 A.2d 854, 857 n. 6 (D.C.1984). The government does not rely upon waiver to defeat appellant's challenge. Since the issue is pertinent to resolution of the claim of ineffective assistance of counsel, we address it.
[4] The elements of UUV are that: (1) the defendant took a motor vehicle, or that he/she used, operated, or removed it from any place, or caused it to be taken, used, operated, or removed from any place; (2) defendant operated it, drove it, or caused it to be operated or driven for his/her own profit, use or purpose; (3) he/she did so without the consent of the owner; and (4) at the time the defendant took, used, operated, or removed the vehicle or caused it to be taken, used operated or removed, he/she knew that he/she did so without the consent of the owner. CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.66 (3d ed.1978).

The elements of robbery are that: (1) the defendant took property of some value from the complainant against the will of the complaint; (2) the defendant took possession of such property by force or violence, whether against resistance, or by sudden or stealthy seizure or snatching, or by putting the complainant in fear; (3) defendant took possession of such property from the person or immediate actual possession of the complaint; (4) after having so taken the property, the defendant carried it away; and (5) the defendant took such property and carried it away without the right to do so and with the specific intent to steal it. CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.61 (3d ed.1978).
Armed robbery includes the additional element that at the time of the commission of the offense, the defendant was armed with, or had readily available, a dangerous or deadly weapon. CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.03 (3d ed.1978).
[5] Appellant reasons that in analyzing the distinction between Rule 8(a) and Rule 8(b) offenses, this court has observed only one difference, which is that Rule 8(b), which applies when two or more defendants are involved, does not permit joinder of the same type or similar offenses, while 8(a) does. Settles v. United States, 522 A.2d 348, 352 (D.C.1987).
[6] Super.Ct.Crim.R. 8 provides:

(a) Joinder of offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan.
(b) Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in 1 or more counts together or separately and all of the defendants need not be charged in each count.
[7] Joinder is not automatic upon proof that the evidence would be admissible in separate trials. Montes-Cardenas, supra, 746 F.2d at 777 n. 10. Rather, the focus must be on whether the offenses are connected so that there is a substantial overlap of proof. See id. at 776.
[8] See CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 3.09 (3d ed.1978).
[9] If joinder is prejudicial, Rule 14 provides a remedy. See Ray, supra note 3, 472 A.2d at 856.