Spyros LOUKAS, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CF–494.

District of Columbia Court of Appeals.

Argued Oct. 16, 1997.

Decided Nov. 13, 1997.

Gregory A. Cotter, Washington, DC, for appellant.

L. Jackson Thomas, II, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher, Roy W. McLeese, III, and Douglas F. Gansler, Assistant United States Attorneys, were on the brief, for appellee.

Before TERRY, SCHWELB and FARRELL, Associate Judges.

FARRELL, Associate Judge:

This appeal from appellant's convictions for one count of distributing cocaine and two counts of possessing cocaine presents one issue requiring brief discussion. When defendants have been jointly indicted for multiple offenses but only one defendant remains in the case by the time of trial, which section of Rule 8 of the Superior Court Rules of Criminal Procedure—(a) or (b)—governs whether the continued joinder of counts is proper? We hold that Rule 8(a) governs and, applying that section, that the counts against appellant were properly joined. Rejecting his other arguments as well, we affirm.

## I.

A 1992 indictment charged appellant, Randolph Berns, and (in one count) Carlos Buergas with multiple drug offenses including unlawful distribution of cocaine and possession with intent to distribute cocaine. The charges were based on a series of alleged sales or attempted sales of cocaine by the defendants to two undercover officers be-

tween April and June of 1992. An earlier indictment had charged appellant and a fourth defendant with one count of possessing cocaine with intent to distribute in late March of 1992. The two indictments were eventually consolidated. By the time of appellant's trial in 1995, however, the charges against all of the defendants except appellant had been disposed of by guilty pleas or otherwise. Appellant nevertheless renewed a motion he had made earlier for severance of counts as improperly joined under Super. Ct.Crim. R. 8(b), as well as for relief from prejudicial joinder under Rule 14.[1] Following denial of the motion and trial, the jury found appellant guilty of one count of distribution and two lesser included counts of simple possession.

## II.

■■■ As this court has repeatedly stated: Rule 8(a) allows joinder of different offenses committed by one defendant.... Rule 8(b) controls joinder in any case that involves more than one defendant, whether the issue is joinder of defendants or joinder of offenses.... [T]he weight of authority in this jurisdiction and in the federal circuits supports the application of 8(b) to both joinder of offenses and joinder of defendants in any multiple defendant case.

*Ray v. United States,* 472 A.2d 854, 857 (D.C.1984); *see also Settles v. United States,* 522 A.2d 348, 352 (D.C.1987). The distinction is significant because, as we explained in *Ray,* Rule 8(a) joinder

is more liberal than Rule 8(b) joinder: under 8(a), offenses may be joined if they are either similar in character or based on the same act or transaction, whereas under

Rule 8(b), offenses may be joined only if they are based on the same act or transaction or series of acts or transactions.

472 A.2d at 857. The reason for Rule 8(b)'s more restrictive standard was nicely stated by Judge Edgerton in *Cupo v. United States,* 123 U.S.App. D.C. 324, 359 F.2d 990 (1966):[2]

When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.

*Id.* at 327, 359 F.2d at 993.

■■■ Appellant contends that the forbidden "cumulation of prejudice" is identified and fixed inalterably at the time two or more defendants are indicted jointly on multiple counts. He takes literally our statement in *Settles, supra,* that "when two or more defendants are *charged* in the same indictment, Rule 8(a) does not apply." 522 A.2d at 352 (emphasis added). In *Settles,* however, the defendants not only were charged but also tried together, as at least some of them were in every case we have found applying Rule 8(b). *See,* just to illustrate, *Ray, supra; Davis v. United States,* 367 A.2d 1254 (D.C. 1976); *Cupo, supra; King v. United States,* 355 F.2d 700 (1st Cir.1966). The "cumulation of prejudice" that *Cupo* spoke of combines two facts: "to *try* a single defendant for more than one offense involves prejudice," and "[i]t may be equally prejudicial to *try* two defendants together." *King,* 355 F.2d at

---

1. In 1992 a motions judge had severed the counts provisionally by requiring the government to proceed initially with trial of one count, but expressly stating that "joinder [of the remaining counts would] be revisited" after that trial. The single-count trial apparently did not take place. Given the provisional nature of the original ruling, appellant correctly does not argue that it foreclosed reconsideration of the joinder issue by the trial judge.

   The government, for its part, argues that appellant has waived the issue of misjoinder because the only objection he made on the eve of his 1995 trial was to consolidation of the separate indict-

ments, not joint trial of the counts in the multicount indictment. Whatever the exact nature of appellant's objection, the trial judge clearly understood it to challenge the joinder of all the counts and rejected it, saying: "As far as I am concerned they are all drug cases; they should all be tried together." We hold that the issue has been preserved.

2. In construing local Rule 8 we accept as persuasive authority decisions construing the same language in Fed.R.Crim.P. 8. *Settles,* 522 A.2d at 352 n. 6.

704 (emphases added). When only one defendant remains to be tried, the latter prejudice is absent, and there is no reason not to trust Rule 8(a)'s less demanding protection against prejudice from joinder of counts.

Case law is sparse on the exact question, probably because its answer is so apparent. In *United States v. Treadwell*, 566 F.Supp. 80 (D.D.C.1983), Judge Penn made short shrift of it: "In that defendant Treadwell is the only defendant yet facing charges in the instant case, Rule 8(b) is inapplicable." *Id.* at 86. Applying Rule 8(b) when only one defendant remains seems to us pointless when the government can avoid a ruling of misjoinder by the comparative formality of reindicting the defendant alone or even, perhaps, striking the names of the other defendants from the existing indictment. *Cf. United States v. Miller*, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (narrowing the allegations is not an amendment of the indictment).

We hold, then, that in a trial of a single defendant charged originally as a codefendant, Rule 8(a) governs the correctness of joinder of counts. Examining the counts of the consolidated indictments here, we hold that the offenses charged were of the same or similar character and thus properly joined under Rule 8(a). *See, e.g., Winestock v. United States*, 429 A.2d 519, 524–25 (D.C. 1981). We reject appellant's further argument that the trial judge abused her discretion in not severing the charges under Rule 14. Proof of each joint sale or attempted sale—all taking place within a three-month period and to the same police officers—would have been mutually admissible in separate trials as evidence of a common scheme or plan.[3] Appellant has not demonstrated the "manifest" prejudice necessary to require

severance under Rule 14. *Elliott v. United States*, 633 A.2d 27, 34 (D.C.1993).[4]

*Affirmed.*

---

3. Indeed, early in his relationship with the undercover officers, codefendant Berns gave them his business card with his home telephone number and pager numbers as an invitation to future business. A sale in April 1992 included Berns's invitation to the officers to contact him if they wanted more cocaine, resulting in another sale that night in which evidence showed appellant to have participated. On yet another occasion, appellant discussed with an officer a possible future sale of a larger amount of cocaine.

4. Contrary to appellant's remaining argument, there was ample independent evidence of a conspiracy or joint venture sufficient to permit introduction of Berns's statement to an officer during one of the attempted sales that appellant was supplying him with the drugs. *See Butler v. United States*, 481 A.2d 431, 440–41 (D.C.1984); *cf. Chavarria v. United States*, 505 A.2d 59, 62 (D.C.1986) (conspiracy need not be charged to allow introduction of coconspirator statement).